IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br>vs.<br><br><br>LARRY EARL PAGAN,<br>       Defendant. | No. 1:96-CR-18 (MJT) |

**REPORT AND RECOMMENDATION**

Pending, on reference from the District Court for recommended disposition, is the Defendant, Larry Earl Pagan's, *pro se Motion for Reconsideration of Court Ordered Restitution* (Doc. No. 65). The undersigned has reviewed the Defendant's request and recommends denying the motion.

I.

Pagan pleaded guilty to Count One of the Indictment on May 20, 1996, which charged him with a violation of 18 U.S.C. § 1201 (Kidnapping). (Doc. No. 20.) He was sentenced to a term of Life in prison, to run consecutively to sentences imposed in the state of Hawaii under cause numbers 86-0060, 87-0052, 90-2148, and 92-1756, and a 5-year term of supervised release. (Doc. No. 30.) As required by the Mandatory Victims Restitution Act, 18 U.S.C. §§ 3663A—3664 ("MVRA"), the District Court ordered restitution in the amount of $21,065.68. (*Id.*) The judgment ordered Pagan to make the restitution payments "in full immediately." Pagan did not appeal his conviction or the sentence imposed. In his motion, Pagan states that $50 is deducted from his commissary every quarter in satisfaction of the restitution obligation. Therefore, the undersigned assumes that Pagan enrolled in the Bureau of Prisons' Inmate

Financial Responsibility Program ("IFRP"), which set forth a payment schedule during his incarceration. The total amount of restitution paid or the remainder owed by Pagan was not mentioned in his motion.

## II.

Pagan's motion seeks relief from the court-ordered restitution pursuant to the United States Ninth Circuit Court of Appeals' holding in *Ward v. Chavez*, 678 F.3d 1042 (9th Cir. 2012). In *Ward*, the Ninth Circuit concluded that a district court impermissibly delegated its authority to the BOP when the court ordered immediate payment of restitution without specifying a payment schedule. *Id*. at 1052.

Pagan's reliance on *Ward* is misplaced, as this case is not controlling in this circuit. Although Pagan claims to be "housed in the Eleven [*sic*] Circuit," he was indicted and sentenced in the Eastern District of Texas and currently resides within the Fifth Circuit, at USP Pollock, Louisiana. The Fifth Circuit does not adopt the Ninth Circuit's holding in *Ward*, but has alternatively recognized that a judgment need not contain a schedule of restitution payments to be made during the period of incarceration. *United States v. Miller*, 406 F.3d 323 (5th Cir. 2005).

## III.

The MVRA provides where, as here, a defendant is convicted of a crime of violence, restitution is mandatory. 18 U.S.C. § 3663A(a)(1) and (c). A sentence that imposes an order of restitution is a final judgment. 18 U.S.C. § 3664(o). A district court may not modify a mandatory order of restitution unless one of the limited circumstances listed in § 3664(o) apply.[1]

---

[1] The factors listed in 18 U.S.C. § 3664(o) allow a defendant to challenge an order of restitution only in these limited circumstances:

2

None of the circumstances listed in § 3664(o) apply in this case. Pagan's sentence has not been "corrected under Rule 35," 18 U.S.C. § 3664(o)(1)(A); his sentence has not been "appealed and modified," *id.* § 3664(o)(1)(B); his sentence was not "amended" upon discovery of additional losses by the victim, *id.* § 3664(o)(1)(C); and his sentence was not "adjusted" based on his economic circumstances, *id.* § 3664(o)(1)(D). Therefore, the undersigned recommends denying Defendant's motion to be relieved from the order of restitution.

Alternatively and in liberally construing Pagan's motion to include a request to modify the scheduled payment amount directed by the IFRP, the District Court lacks jurisdiction to grant his request. Under Fifth Circuit precedent and "the express language of the MVRA, a court can make a downward adjustment to a restitution order only under Rule 35 of the Federal Rules of Criminal Procedure [for clerical error or where defendant provided substantial assistance to the Government] or through a direct appeal pursuant to 18 U.S.C. § 3742.' " *United States v. Singh*, No. 4:17-CR-193, 2020 WL 4192899, at *2 (E.D. Tex. July 20, 2020), *aff'd*, 836 F. App'x 331 (5th Cir. 2021), cert. denied, 142 S. Ct. 349, 211 L. Ed. 2d 186 (2021)); *see also United States v. Parker*, 927 F.3d 374, 381 (5th Cir. 2019) ("[W]e have denied numerous attempts to collaterally attack a restitution order. That is because once orders become final on direct review, 'they became *res judicata* . . . , not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.' " quoting *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 152 (2009)).

---

(A) corrected under Rule 35 of the Federal Rules of Criminal Procedure and section 3742 of chapter 235 of this title (which applies if the government believes that a sentenced defendant has provided substantial assistance in investigating or prosecuting another person, it may move the court to reduce the original sentence; ordinarily, the motion must be filed within one year of sentencing.);
(B) appealed and modified under section 3742 (which applies to direct appeals)
(C) amended under subsection (d)(5) (which applies to calculation of victim losses); or
(D) adjusted under section 3664(k)(changed economic circumstances), 3572 (sexual assault survivors' rights), or 3613A (default); or
(2) the defendant may be resentenced under section 3565 or 3614.

3

Instead, Pagan's request to modify his restitution payments must be brought pursuant to 28 U.S.C. § 2241 only after all administrative remedies have been exhausted. *See United States v. Diggs*, 578 F.3d 318, 320 (5th Cir. 2009) ("Challenges to BOP programs must be brought under § 2241 [Petition for a Writ of *Habeas* Corpus] after all administrative remedies have been exhausted. Prisoners cannot use § 3664(k) as a vehicle for a court not in the district of incarceration to modify or suspend IRFP payments."); *United States v. Pruitt*, No. 3:14-CR-384-B-1, 2022 WL 1446824, at *3 (N.D. Tex. Apr. 20, 2022), report and recommendation adopted, No. 3:14-CR-384-B-1, 2022 WL 1443782 (N.D. Tex. May 6, 2022).

IV.

**IT IS THEREFORE** the recommendation of the undersigned United States Magistrate Judge that the District Court **DENY** Pagan's request to reconsider the court-ordered restitution (Doc. No. 65).

V.

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation. Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen (14) days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(2); E.D. TEX. CRIM. R. CR-59(c). A party who objects to this Report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 11th day of July, 2022.

_____
Zack Hawthorn
United States Magistrate Judge